Moncure, J.
This is a supersedeas to a judgment of the Circuit court affirming an order of the County court of Kanawha, directing a sale of certain property distrained for rent reserved in salt. The order was made in pursuance of 1 Kev. Code of 1819, ch. 113, § 12, p. 449, which declares, that “Whenever any distress shall be made for rent reserved in wheat, corn, or anything other than money, it shall be lawful for the landlord or lessor to apply to the court of the county or corporation, or to the Superior court of law for the county in which the leased tenement may lie, to ascertain the value in money of the rent in arrear so reserved, and to order the property so distrained, or .so much thereof as may be necessary, to be sold for the satisfaction of such rent. And the court to which such application shall be made, ten days’ previous notice thereof having been given to the tenant, or in case of his absence from the county, being set up at some conspicuous place on the tenement, shall proceed to ascertain the value in money of the rent in arrear *415 so reserved, either by their own judgment, or if required by either party, by the verdict of a jury summoned and impanneled at their bar for that purpose, without the formality of pleading; and having so ascertained the value, shall order a sale of the property so distrained, and award costs to the landlord or lessor.”
Yarious errors in the proceedings in the case were assigned by the plaintiff in error, some of them in- the petition for a supersedeas, and others, for the first time, in the argument of his counsel in this court. I will notice them in the order of time in which the proceedings complained of occurred.
First. I think the court did not err in overruling the motion of the tenant, the plaintiff in error, to dismiss or quash the notice and motion of the landlord, the defendant in error. The grounds on which it was contended that the landlord’s notice and motion should be quashed, were, that they were founded on the same affidavit and distress warrant, on which similar proceedings had been instituted in the Circuit court, but the jury having disagreed and been discharged, the landlord, with the leave of the court, withdrew his notice and motion in that behalf, and the case was dismissed from the docket of the court; and also, that after such dismission, and before the institution of the proceedings in the County court, the warrant was levied on two hundred and thirty-five barrels of salt, in addition to the quantity on which it had been previously levied. The statute gave the landlord a right to make the application to the Circuit or County court at his election. He made it to the Circuit court; but having withdrawn it by the leave of that court before it was finally acted on, he had a right to make it to the County court. There was no necessity for a new affidavit and warrant to authorize the proceedings in the County court. The affidavit *416 and warrant were not affected by the abortive proceedings in the Circuit court; and the landlord had the same right to proceed thereon in the County court, as if the proceedings in the Circuit court had not taken place. The warrant had not become functus officio when the additional levy on two hundred and thirty-five barrels of salt was made; and that levy was therefore legal. A writ of fieri facias, after being levied on property insufficient, in the opinion of the officer making the levy, to satisfy the writ, may be levied on other property at any time on or before the return day of the writ. The same principle applies to a distress warrant, except that it has no return day, and may be levied at any time; at least, if it be a reasonable time after it is placed in the officer’s hands. The offioer may be mistaken in the value of the property first levied on, or he may not be able to find sufficient property at first to satisfy the execution or distress warrant. And “it is for the advantage of the owner of the goods,” as was said by Lord Mansfield in Hutchins v. Chambers, 1 Burr. R. 579, 589, “that this should be so: it is better for him that the officer should be at liberty to seize a second time, in case he makes an insufficient-seizure the first time. Or else it might induce him to a necessity of taking effects of very 'great value at first; for, if he is to be precluded from thus making up the deficiency, he will certainly take care -not to take too little at first.”
Secondly. I think the objection made to the form of the oath administered to the jury, “to ascertain the value of the rent in money, of the salt said to he due from the” tenant to the landlord, is invalid. The statute does not prescribe the form of the oath,- and its requisitions were substantially complied with in this cáse. The words “said to be due” obviously refer to the notice in which -the kind and amount of the rent in arrear, the times when payable, and the *417 fact that it was reserved upon contract, and had been distrained for, are minutely set forth.
Thirdly. I think the court did not err in permitting the landlord’s witness to answer the question, and give testimony as. to the value of salt in the year. 1849, after the tenant had examined his witnesses, as stated in the second bill of exceptions. The subject of the examination of witnesses lies chiefly in the discretion of the court in which the cause is tried, and its exercise will rarely if ever be controlled by an appellate court. It does not appear to have been improperly exercised in this case, but the contrary. The testimony objected to seems to have been offered to rebut the evidence of the tenant’s witnesses, and for that purpose was certainly proper.
Fourthly. I think the court did not err in refusing to give the instructions asked for by the tenant. They are based on the supposition that in such a proceeding it is necessary for the landlord to prove to the jury that a distress warrant has been levied for rent reserved in something other than money, and due and in arrear. I think that no such necessity exists. No judgment is rendered against the tenant. The only object of the proceeding is to ascertain the value in money of the rent in arrear. When that is done the landlord is placed in the same situation in which he would have stood if the rent had been reserved in money. The officer proceeds in the same way to complete the execution of Ms duty under the warrant: and the remedies of the tenant for a wrongful distress are the same in the one case as the other. The order of court ascertaining the value of the rent, and directing a sale of the property distrained, did not prevent the tenant from resorting to his remedy by writ of replevin, before that remedy was abolished by the Code; but he might have done so at any time before the property was actually sold. See Jacob v. King, 5 Taunt. R. *418 451, 1 Eng. C. L. R. 154; Archbold on Landlord and Tenant 125, 53 Law Libr. 131.
In the case of Redford v. Winston, 3 Rand. 148, which was an attachment for rent before the passage of the act of March 2d, 1827, Sess. Acts ch. 27, p. 25, it was decided that the tenant could not put in any plea or make any defence which might call in question the truth of the landlord’s oath before the magistrate, or contest his claim to rent upon the merits, although two of the judges were of opinion that a writ of replevin could not be maintained in such a case; the other two giving no opinion upon the question. There is less reason for permitting the tenant to make any such defence in this proceeding, as none of his remedies for 'a wrongful distress are impaired or affected by it. Of course the court would not entertain an application for an enquiry as tq the value of the rent, without being satisfied that rent reserved in something other than money had been distrained for: The warrant and return would be sufficient evidence of that fact. If the notice stated the fact with sufficient certainty, and the tenant did not controvert it, the court, without requiring further evidence, might properly proceed to ascertain the value of the rent, either by their own judgment, or if required by either party, by the verdict of a jury. The only function of the jury if required, is to ascertain the value of the rent mentioned in the warrant or the notice. In this case the affidavit, warrant, return and notice were all before the County court; and the tenant elected to have the value of the rent ascertained by a jury; which was accordingly done.
Fifthly. I think that the objection to the terms in which the order of sale was made, is invalid. That objection is, that the statute directs only so much of the property distrained, as may be necessary for the satisfaction of the rent and costs, to be sold, and the *419 residue to be returned to tbe owner: Whereas the order directs all the property distrained to be sold, and the overplus, after satisfying the rent, interest and costs, to be paid to the tenant. I think the order conforms to the statute, which directs the court to order a sale of “ the property distrainednot so much of it only as may be sufficient for the satisfaction of the rent and costs. It is true that the statute makes it the duty of the officer, in executing the order of sale, to sell only so much as may be sufficient for that purpose. But there is nothing in the order which is in conflict with that duty of the officer: for it expressly requires him to make sale of the property distrained, “ as is directed by law.” The direction to pay the overplus, if any there be, remaining from said sale, after satisfying to the landlord his rent, interest and costs, may be referred to an overplus which might exist, if the officer should conform as nearly as he could to the directions of the law; for the officer cannot know how much of the property distrained will sell for precisely the amount of the rent, interest and costs.
Sixthly and lastly. I think the landlord was entitled to interest upon the rent from the time it became due, as mentioned in the order, by virtue of the act of March 2d, 1827, before referred to; the 3d section of which provided, that interest should thereafter be allowed on rent in arrear from the period or periods at which the whole or any portion thereof should become due.
. I see no error in the judgment of the Circuit court, and am therefore for affirming it.
The other judges concurred in the opinion of Moncure, J.
Judgment affirmed.